ANDREW J. WATERMAN *vs.* TROY AND GREENFIELD RAILROAD COMPANY.

An agreement of a railroad corporation with a subscriber for stock therein, that he " shall have the privilege of paying in at any time the whole or any part of his subscription, and shall receive interest thereon until the road goes into operation," does not bind the corporation to pay him any interest until the road goes into operation.

ACTION OF CONTRACT by the assignee of six shares in the defendants' capital stock, to recover interest thereon under the following agreement made between the defendants and the original subscribers :

" We, the subscribers associated in this enterprise, do hereby severally agree with said corporation to take the number of shares placed against our names respectively, upon the following terms and conditions, viz : until the proposed railroad is put in operation, interest shall be allowed upon all sums assessed and paid in, and each subscriber shall have the privilege of paying in at any time the whole or any part of his subscription, and shall receive interest thereon until the road goes into operation."

At the trial in the court of common pleas at October term 1855, it appeared that the original certificates of these six shares had been surrendered to the defendants, and they had issued to the plaintiff new certificates ; and that the plaintiff, more than a year afterwards, had demanded payment of the interest on his shares. It was also proved that the defendants' road had not been put in operation.

*Byington,* J. ruled " that the plaintiff could not maintain his action upon the facts proved, there being no privity of contract between the plaintiff and the defendants." A verdict was taken for the defendants, and the plaintiff alleged exceptions.

*J. T. Robinson,* ( *T. Robinson* with him,) for the plaintiff

*H. L. Dawes,* for the defendants.

BIGELOW, J. This is not a case where interest is claimed as incident to a principal demand; but it is an action on an agreement for the payment of interest alone, as an independent, substantive debt. No time is expressed in the contract for its payment. The question is, whether any can be fairly inferred from the terms of the contract; and if so, whether this action can be maintained for the interest which has already accrued on the assessments paid on the shares held by the plaintiff. To decide this question, it is necessary to consider the nature of the agreement and the objects which the parties had in view in making it. The defendants were constructing a railroad, and necessarily required a large sum of money to meet their current outlay. To induce persons more readily to aid in the undertaking, they agreed, by the terms of subscription for the stock, that all assessments on shares, when paid, should bear interest

By this stipulation, subscribers avoided the loss which they would otherwise incur, if, after their assessments were paid in, no interest was to accrue thereon till the road was completed and in operation. Such being the purpose of the agreement to pay interest, it is unreasonable to suppose that the defendants intended to agree to pay it to subscribers, while the road was in process of construction and when they would require their funds to defray the necessary charges of building the road, and before they were in the receipt of any income. It is much more in accordance with the object which the parties had in view, to infer that interest was to be paid after the assessments had all been paid in, the road completed and in operation, and they were in the receipt of income from its business. We think, therefore, it was an agreement to pay the interest when it had ceased to accrue, that is, when the road was in operation. If this is not so, there can be no fixed time designated for its payment. It would be payable on demand. Each subscriber might make a demand at his own pleasure, monthly, quarterly, semiannually or yearly, or at other intervals of time. The result would be that the defendants would be harassed by constant and irregular demands of payment by each stockholder; necessarily leading to great confusion of accounts and embarrassment in the management of their finances.

It being proved that the road of the defendants is not yet in operation, the plaintiff fails to show that his claim for interest is due. *Exceptions overruled*